JORDAN *v.* F. BURKHART MANUFACTURING COMPANY.

Opinion delivered March 31, 1924.

MASTER AND SERVANT—NEGLIGENCE OF FELLOW-SERVANT—PROXIMATE CAUSE.—In an action for personal injuries sustained by plaintiff while lifting bolts with a fellow-servant, the question whether the latter's negligence in failing to give plaintiff a signal before lifting his end of the bolt was the proximate cause of the injury, *held* for the jury.

Appeal from Greene Circuit Court, Second Division; *W. W. Bandy,* Judge; affirmed.

*D. D. Glover,* for appellant.

*T. D. Wynne,* for appellee.

A verdict of the jury based on conflicting evidence, will not be set aside on appeal, if there is any substantial evidence to support it. 33 Ark. 208; 69 Ark. 140; 69

Ark. 659; 71 Ark. 305; 67 Ark. 531; 65 Ark. 16; 67 Ark. 433; 101 Ark. 90; 107 Ark. 158; 119 Ark. 6; 113 Ark. 598.

McCULLOCH, C. J. Appellant sued appellee for damages on account of personal injuries alleged to have been received while he was working for appellant at the latter's manufacturing plant in Hot Spring County. Appellant alleged in his complaint that he was engaged with a fellow-servant in loading timber bolts on a wagon, and that the fellow-servant, by negligence, caused appellant, when lifting a heavy bolt, to get his finger mashed. He alleged that it was customary for two of the men to work together in handling the bolts, and that, as they were ready to lift the bolt, a signal would be given by each to let the other know that they were ready to move the bolt, and that his fellow-servant, Harvey by name, lifted the bolt without giving the signal, which caused the weight of the bolt to fall on appellant's finger and mash it.

Appellee answered, denying all the allegations of negligence of its servant, and also denied that appellant's finger was injured.

Appellant testified in detail as to the manner in which he was injured, and his testimony was sufficient to sustain the allegations of the complaint, or at least to justify a submission of the issue to the jury. He testified that his fellow-servant, Harvey, raised one end of the bolt without giving the signal, and that he (appellant) was trying at the time to take hold of the bolt, and that, when it was lifted up, it caught his finger underneath and mashed it. He testified that his finger was severely bruised, which resulted in a bone-felon, and had to be lanced by a surgeon. There was testimony tending to show that the injury to appellant's finger had permanently stiffened it.

Appellant introduced his fellow-servant, Harvey, as a witness, and another man who was present at the time, and both of these witnesses testified that Harvey raised his end of the bolt without giving the signal which it was customary to do, and that appellant's finger was mashed

by the other end of the bolt. Harvey's statement as to
the method of the men working together was as follows:
"Yes, we would usually say, 'Let go,' or would be look-
ing at each other and would know that each was ready
before one would lift it up." He stated further that he
took hold of one end of the bolt and lifted it up before
appellant was ready, and that this caught appellant's
finger between the bolt they were going to lift and the
one below it. He stated that he was looking in another
direction at the time, and lifted the bolt too quick, with-
out giving the signal.

Appellee introduced the testimony of numerous wit-
nesses, who stated that appellant told them that his
finger was injured in playing baseball.

All of the issues with respect to negligence and con-
tributory negligence, and the question whether or not
appellant was injured at all, were submitted to the jury
by appropriate instructions requested by both sides, and
the jury returned a verdict in favor of appellee.

Appellant made objections to the instruction given
at the instance of appellee, and saved exceptions, but
there is no attempt to show here that the instructions
were erroneous. The sole ground for reversal of the
judgment is that the evidence was undisputed, and was
not sufficient to support the verdict of the jury in favor
of appellee. In other words, the contention is that the
undisputed evidence shows that appellant was injured
by negligence of his fellow-servant, and that, according
to the undisputed evidence, there should have been a ver-
dict in appellant's favor for some amount of damages.
We cannot agree with appellant in this contention. It is
true that the testimony of witness Harvey, and another
witness named Gray, is undisputed, and they testified
that it was the custom for the workers to give a signal to
each other when they were about to lift a bolt; that
Harvey lifted the bolt in this instance without giving the
signal to appellant, and that appellant's finger was
mashed in attempting to take hold of the bolt or to raise
it. This testimony did not, however, make an undis-

puted case of liability for the injury to appellant's finger, because it depended largely upon the testimony of appellant himself as to whether or not the failure of Harvey to give the signal was the proximate cause of his injury. The parties were facing each other, and the process of lifting the bolt was a simple one, so the jury could have concluded from the testimony, and doubtless did conclude, that the failure to give the signal was not the cause of the injury to appellant's finger, but was caused by his own inattention or lack of care in taking hold of the bolt as it was being raised by his fellow-servant. The process of handling the bolts was described in detail to the jury, and they, of course, had a right to exercise their judgment as practical men in determining whether or not the injury was caused by the failure to give the signal.

It is also insisted by counsel for appellee that there was sufficient proof to show, by appellant's own admission, that his finger was not injured in this way, but that it was injured in playing baseball. We find it unnecessary to discuss that feature of the case, for we are of the opinion that it was a question for the jury to determine as to the negligence of the fellow-servant being the proximate cause of the injury.

Affirmed.